1  Eric J. Gitig (SBN 307547)
   Orlando J. Arellano (SBN 234074)
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5408
   Telephone:  (213) 689-0404
4  Facsimile:  (213) 689-0430
   Emails:    Eric.Gitig@jacksonlewis.com
5             Orlando.Arellano@jacksonlewis.com

6  Attorneys for Defendant
   ALCLEAR, LLC
7

8

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  BENNY MURRAY II, as an individual       Case No.:  2:23-cv-3051
    on behalf of himself and on behalf of all
13  others similarly situated,
                                            **DECLARATION OF ERIC J. GITIG IN**
14          Plaintiff,                      **SUPPORT OF DEFENDANT**
                                            **ALCLEAR, LLC'S NOTICE OF**
15      vs.                                 **REMOVAL**

16  ALCLEAR, LLC, Delaware limited          (Filed concurrently with Notice of
    liability company; and DOES 1-100,      Removal; Declaration of Eric J. Gitig;
17  inclusive,                              Civil Case Cover Sheet; Notice of
                                            Interested Parties; and Corporate
18          Defendants.                     Disclosure Statement)

19                                          Complaint Filed:  February 17, 2023

20

21

22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## <u>DECLARATION OF ERIC J. GITIG</u>

I, Eric J. Gitig, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and before this Court.  I am a Principal with the law firm Jackson Lewis P.C., counsel of record for Defendant ALCLEAR, LLC ("Defendant").  I make the following declaration based on personal knowledge, unless otherwise stated, and on my review of and familiarity with Defendant's files and documents in the above-captioned matter.  If called as a witness, I could and would competently testify to the facts contained herein.  I submit this declaration in support of Defendant's Notice of Removal.

2.      On March 22, 2023, Plaintiff Benny Murray II ("Plaintiff") served Defendant with a copy of the Summons and Complaint.  Attached hereto as **Exhibit "A"** are true and correct copies of Plaintiff's Summons, Complaint, and related court documents filed in the Los Angeles County Superior Court, which were served on Defendant.

3.      On April 19, 2023, Defendant filed and served an Answer to the Complaint in the Los Angeles Superior Court, making a general denial as permitted by California Code of Civil Procedure § 431.30(d) and asserting various affirmative defenses.  Attached hereto as **Exhibit "B"** is a true and correct copy of Defendant's Answer to Plaintiff's Complaint filed in the Superior Court of the State of California in and for the County of Los Angeles on April 19, 2023.

4.      To the best of my knowledge and based on information and belief, **Exhibits "A"** and **"B"** constitute all of the pleadings received by the Defendant in state court.

5.      I am not aware of any individual or entity being substituted in as a Doe defendant in the state court action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 21st day of April, 2023, at Los Angeles, California.

_____
*/s/ Eric J. Gitig*
ERIC J. GITIG

4876-7918-3454, v. 1

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/17/2023 03:37 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini, Deputy Clerk
23STCV03573

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALCLEAR, LLC, a Delaware limited liability company; and
DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BENNY MURRAY II, as an individual on behalf of himself
and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles - Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
23STCV03573

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 Tel: (310) 496-5818

DATE: 02/17/2023
*(Fecha)*

David W. Slayton, Executive Officer/Clerk of Court
Clerk, by G. Carini , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* ALCLEAR, LLC, a Delaware limited liability company

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):*  limited liability company

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Los Angeles on 02/17/2023 03:57 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Call, Deputy Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address): <br> Michael R. Crosner (SBN 41299), Zachary M. Crosner (SBN. 272295), <br> Jamie Serb (SBN 289601) <br> CROSNER LEGAL PC, 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 <br> TELEPHONE NO.: (310) 496-5818  FAX NO. (Optional): (310) 510-6429 <br> E-MAIL ADDRESS: zach@crosnerlegal.com, jamie@crosnerlegal.com <br> ATTORNEY FOR (Name): Benny Murray II | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Benny Murray II v. Alclear, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** <br> (Amount demanded exceeds $25,000) | [ ] **Limited** <br> (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | **23STCV03573** |
| | | | | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 7
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 17, 2023

Zachary Crosner
_____ ▶ _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Benny Murray II v. Alclear, LLC | 23STCV03573 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Benny Murray II v. Alclear, LLC | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Benny Murray II v. Alclear, LLC | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>　　　　　　　　Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23                     CIVIL CASE COVER SHEET ADDENDUM                     LASC Local Rule 2.3
For Mandatory Use                                    AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Benny Murray II v. Alclear, LLC | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Benny Murray II v. Alclear, LLC | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  Central
District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:  02/17/2023

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: David Cunningham III

Electronically FILED by Superior Court of California, County of Los Angeles on 02/17/2023 03:57 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

1  MICHAEL R. CROSNER, ESQ. (SBN 41299)
   mike@crosnerlegal.com
2  ZACHARY M. CROSNER, ESQ. (SBN 272295)
   zach@crosnerlegal.com
3  JAMIE SERB, ESQ. (SBN 289601)
   jamie@crosnerlegal.com
4  **CROSNER LEGAL, PC**
5  9440 Santa Monica Blvd. Suite 301
   Beverly Hills, CA 90210
6  Tel: (310) 496-5818
   Fax: (310) 510-6429
7
   Attorneys for Plaintiff
8  As an individual and on behalf of all others similarly situated

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10
**COUNTY OF LOS ANGELES**

11

| | |
|---|---|
| 12  BENNY MURRAY II, as an individual on behalf of himself and on behalf of all others similarly situated, | Case No.: 23STCV03573 |
| 13 | |
| 14          Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| 15  v. | 1.  **Recovery of Unpaid Minimum Wages and Liquidated Damages** |
| 16 | 2.  **Recovery of Unpaid Overtime Wages** |
| 17  ALCLEAR, LLC, a Delaware limited liability company; and DOES 1-100, inclusive, | 3.  **Failure to Provide Meal Periods or Compensation in Lieu Thereof** |
| 18 | 4.  **Failure to Provide Rest Periods or Compensation in Lieu Thereof** |
| 19          Defendants. | 5.  **Failure to Furnish Accurate Itemized Wage Statements** |
| 20 | 6.  **Failure to Reimburse Business Expenses** ***and*** |
| 21 | 7.  **Unfair Competition** |
| 22 | |
| 23 | **DEMAND FOR JURY TRIAL** |
| 24 | |
| 25 | |

26

27

28

1       Plaintiff, BENNY MURRAY II ("PLAINTIFF"), an individual on behalf of himself and all

2  other similarly situated Class Members (as defined below), hereby files this Complaint against

3  Defendants ALCLEAR, LLC, a Delaware limited liability company; and DOES 1-100, inclusive,

4  (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is informed and believes and

5  thereon alleges as follows:

6                        **JURISDICTION AND VENUE**

7      1.    This court possesses original subject matter jurisdiction over this matter. Venue is

8  proper in the County of Los Angeles pursuant to California Code of Civil Procedure section 395.5

9  because DEFENDANTS transact business within this judicial district, DEFENDANTS employed

10  PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct alleged by

11  PLAINTIFF herein occurred in this this judicial district.

12                        **THE PARTIES**

13      2.    PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of

14  California and a citizen of the State of California. PLAINTIFF is employed by DEFENDANTS in

15  the State of California as a non-exempt employee.

16      3.    PLAINTIFF worked for DEFENDANTS in Los Angeles County as a non-exempt

17  lead, team lead, ambassador, senior ambassador and/or similar title(s) from in or around late

18  September 2021 through the present.

19      4.    DEFENDANTS are a Delaware limited liability company that, at all relevant times,

20  were authorized to do business within the State of California and are doing business in the State of

21  California.

22      5.    DEFENDANTS own, operate, or otherwise manage a technology company that owns

23  and operates CLEAR, a biometric secure identity platform that stores individuals' personal

24  information and links it to biometric data, allowing them to bypass security checkpoints by using

25  fingerprint and/or iris identification.[1]  Per DEFENDANTS' website, DEFENDANTS offer

26  "CLEAR Lanes" to its CLEAR customers/membership holders to [g]et where you're going faster

27  through one of our hundreds of [CLEAR] Lanes nationwide." DEFENDANTS tout itself as

28

---

[1] *See* https://www.crunchbase.com/organization/alclear-llc (Last visited on February 15, 2023).

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  providing "Stress-Free Airport Security Nationwide" and claims its CLEAR airport membership

2  and/or "CLEAR Plus" membership helps its customers "get through security faster."[2]

3  DEFENDANTS operate their business primarily out of airports, stadiums, among other venues

4  nationwide, with multiple locations throughout California, including but not limited to, locations,

5  offices and/or facilities located in Long Beach, Palm Springs, Ontario, San Diego, San Jose,

6  Oakland, Sacramento, at least three (3) locations, offices and/or facilities located in San Francisco,

7  and at least three (3) locations, offices and/or facilities located in Los Angeles, including but not

8  limited to, those operating out of BMO Stadium, SoFi Stadium and out of Los Angeles International

9  Airport (LAX), where DEFENDANTS assigned PLAINTIFF to work during the Class Period.[3]

10      6.    The true names and capacities of the DOE Defendants sued herein as DOES 1

11  through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such

12  Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally

13  responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this

14  Complaint to reflect the true names and capacities of the Doe Defendants when such identities

15  become known.

16      7.    PLAINTIFF is further informed and believes that, at all relevant times, each

17  Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director,

18  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

19  predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

20  the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

21  of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this

22  complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant

23  acted pursuant to and within the scope of the relationships alleged above, and that at all relevant

24  times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,

25  controlled, aided and abetted the conduct of all other Defendants.

26                                    **JOINT LIABILITY**

27

28  [2] *See* https://www.clearme.com/how-it-works (Last visited on February 16, 2023).
    [3] *See* https://www.clearme.com/where-we-are (Last visited on February 15, 2023).

8.    Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in California, applying a less stringent standard to what constitutes sufficient control by a business over its vendor's employees' wages and working conditions to render that business liable as a joint employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

9.    During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class Members to work for them.

10.    PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices across all of their locations/facilities and subjected all of the Class Members to these same policies

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is

2  informed and believes that: (1) there is common ownership in, and financial control, in

3  DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control

4  over the day-to-day operations and employment matters, including the power to hire and fire, set

5  schedules, issue employee policies, and determine rates of compensation across its locations in

6  California; (3) DEFENDANTS utilize the same policies and procedures for all California

7  employees, including issuing the same employee handbooks and other form agreements; (4)

8  DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee

9  employment matters; and, (6) DEFENDANTS share employees.

10        11.    PLAINTIFF is informed and believes, and thereon alleges that at all times relevant

11  to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members

12  upon whose behalf PLAINTIFF brings these allegations and causes of action, in that

13  DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages,

14  hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to

15  work so as to be considered the joint employers of PLAINTIFF and the Class Members.

16        12.    Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a

17  uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay,

18  time-keeping practices, meal and rest periods, reimbursement of business expenses and other

19  working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members,

20  and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF

21  and the Class Members in a uniform manner. DEFENDANTS collectively represented to

22  PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and

23  that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members'

24  employment with or without cause. Upon information and belief, DEFENDANTS further

25  collectively represented to PLAINTIFF and Class Members in writing the details of their

26  compensation, and the manner in which they were to take meal and rest periods, the procedures

27  required by DEFENDANTS collectively for recordation of hours worked and the policies applicable

28  to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    rates of PLAINTIFF and Class Members.

2        13.    Thus, DEFENDANTS collectively exercised the right to control the wages, hours

3    and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively

4    held the right to control virtually every aspect of PLAINTIFF's and the Class Members'

5    employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF

6    seeks relief in this Complaint.

7        14.    PLAINTIFF is informed and believes that DEFENDANTS exercised the same

8    control over, applied the same policies and practices, and engaged in the same acts and omissions

9    with regard to the other Class Members.

10                                **CLASS ALLEGATIONS**

11        15.    PLAINTIFF brings this action on behalf of PLAINTIFF, and all others similarly

12    situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF

13    seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

14            All current and former non-exempt employees that worked either

15            directly or via a staffing agency for any of the DEFENDANTS at any

16            location in California at any time within the four years prior to the

17            filing of the initial Complaint ("Class Period").

18        a.    Numerosity. While the exact number of Class Members is unknown to

19            PLAINTIFF at this time, the Class is so numerous that the individual joinder of

20            all members is impractical under the circumstances of this case. PLAINTIFF is

21            informed and believes the Class consists of at least 100 individuals.

22        b.    Common Questions of Law and Fact. This lawsuit is suitable for class treatment

23            because common questions of law and fact predominate over individual issues.

24            Common questions include, but are not limited to, the following: (1) whether

25            DEFENDANTS understated hours worked and failed to pay all amounts due to

26            PLAINTIFF and the Class Members for wages earned, including minimum and

27            overtime wages, under California law; (2) whether DEFENDANTS provided

28            PLAINTIFF and the Class Members with all meal periods or premium payments

in lieu thereof in compliance with California law; (3) whether DEFENDANTS provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (5) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (6) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq.*

c. <u>Ascertainable Class.</u> The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, and failure to reimburse business expenses.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f. <u>Superiority.</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    simultaneously, efficiently, and without the unnecessary duplication of effort

2    and expense that numerous individual actions would engender. Furthermore, as

3    the damages suffered by each individual member of the Class may be relatively

4    small, the expenses and burden of individual litigation would make it difficult

5    or impossible for individual members of the Class to redress the wrongs done to

6    them, while an important public interest will be served by addressing the matter

7    as a class action. The cost to the court system of adjudication of such

8    individualized litigation would be substantial. Individualized litigation would

9    also present the potential for inconsistent or contradictory judgments. Finally,

10   the alternative of filing a claim with the California Labor Commissioner is not

11   superior, given the lack of discovery in such proceedings, the fact that there are

12   fewer available remedies, and the losing party has the right to a trial de novo in

13   the Superior Court.

14   ### FACTUAL AND LEGAL ALLEGATIONS

15   16.    During the relevant period, PLAINTIFF, and each of the Class Members worked for

16   DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised

17   control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

18   17.    PLAINTIFF is employed by DEFENDANTS as a non-exempt employee.

19   PLAINTIFF worked for DEFENDANTS at LAX as a non-exempt lead, team lead, ambassador,

20   senior ambassador and/or similar title(s) from in or around late September 2021 through the present.

21   PLAINTIFF regularly worked at least eight (8) hours per day, at least five (5) days per week.

22   18.    At all relevant times, PLAINTIFF was a non-exempt employee that was paid on an

23   hourly basis for time counted by DEFENDANTS as hours worked.   PLAINTIFF was also

24   compensated with commissions, bonuses and/or other non-discretionary compensation.   For

25   example, PLAINTIFF was compensated with commissions and/or non-discretionary bonuses for

26   completing CLEAR membership enrollments and/or sales.

27   19.    **Unpaid Minimum and Overtime Wages.** DEFENDANTS failed to compensate

28   PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum

8

1  and overtime wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all

2  hours worked by virtue of, DEFENDANTS' automatic deduction and time rounding policies, and

3  failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise

4  unlawful practices for missed or improper meal periods, as explained below.

5      20.    Based on information and belief, DEFENDANTS implemented a policy and/or

6  practice of rounding meal period start and end times and/or automatically deducting at least thirty

7  minutes per shift for meal periods, despite having actual and/or constructive knowledge that

8  PLAINTIFF and other Class Members were subject to DEFENDANTS' control during purported

9  meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and

10  Class Members of all wages owed.

11      21.    Based on information and belief, Class Members were not paid for all hours worked

12  due to DEFENDANTS' policy and/or practice of rounding time entries or paying according to

13  scheduled hours worked instead of actual time worked, and/or mandated off-the clock work policies

14  and/or practices.

15      22.    For example, based on information and belief, DEFENDANTS failed to compensate

16  Class Members for time spent performing pre-shift and/or post-shift off-the-clock work such as, but

17  not limited to, time spent undergoing required pre-clock-in employer-mandated security screenings

18  and/or temperature screenings and/or time spent bestowing personal items in employee

19  lockers/storage area. This pre-shift off-the-clock work was neither recorded nor compensated,

20  resulting in the consistent underpayment of wages owed to Class Members.

21      23.    Moreover, based on information and belief, at times, DEFENDANTS' electronic

22  employee time-keeping system / app malfunctioned such that PLAINTIFF and other Class Members

23  were required to either reinitiate and/or otherwise troubleshoot the system / app prior to being able

24  to clock in and/or were unable to clock in at all for the start of their shifts, resulting in off-the-clock

25  work and the underpayment of wages owed to Class Members. Based on information and belief,

26  Class Members experienced the same issues when clocking out for shifts.  This time spent under

27  DEFENDANTS' control was not recorded and not compensated and resulted in unpaid minimum

28  wages owed to Class Members.

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

24.     PLAINTIFF and other Class Members were required to complete other off-the-clock work tasks before clocking in for the beginning of their shifts and/or after clocking out for the end of their shifts and/or during uncompensated meal periods, resulting in the underpayment of minimum and overtime wages owed to PLAINTIFF and other Class Members.

25.     For example, based on information and belief, Class Members were also required to complete off-the-clock work outside of scheduled shifts and/or during unpaid meal periods due to work-related phone calls and/or messages they received to their phones/mobile devices and were required to respond to, including but not limited to, communications from supervisors and/or other Class Members regarding scheduling and/or other work tasks, resulting in the underpayment of wages owed to Class Members.

26.     Based on information and belief, DEFENDANTS failed to pay Class Members for time they were required to spend completing orientation, policy questionnaires, and/or time spent completing the onboarding process and/or trainings including but not limited to reviewing various documents and policies provided by DEFEDANTS. Based on information and belief, this work time was completed off-the-clock and was not compensated.

27.     Based on information and belief, at times, DEFENDANTS instituted a commission-based compensation scheme that resulted in pay periods during which Class Members were denied the minimum wage for all hours worked.  For example, on information and belief, at times, DEFENDANTS paid Class Members on a strictly commission basis (e.g., per CLEAR membership enrollment and/or sale), at least during some pay periods, during the relevant time period. However, based on information and belief, DEFENDANTS failed to separately compensate Class Members for all non-commission rate related activities/all non-productive time, including but not limited to, all rest breaks and/or time spent preparing/setting up for sales, time spent completing paperwork, waiting time between sales and tasks and/or other waiting time, and/or time spent performing other work duties that otherwise fall outside of the commission-based compensation criteria. DEFENDANTS' failure to separately compensate Class Members for their rest periods and/or other non-productive time and/or failure to compensate them at the correct rates for all non-productive time and/or rest periods resulted in the failure to pay Class Members for all hours worked and

10

1  violations of California wage and hour laws, including but not limited to, Labor Code sections 226.2

2  and/or 1197. Based on information and belief, DEFENDANTS further failed to include this

3  information on these employees' wage statements required by Labor Code section 226.2. Based on

4  further information and belief, DEFENDANTS implemented a time-rounding system that as applied

5  systematically deprived PLAINTIFF and other Class Members of compensable time because the

6  time-rounding system implemented by DEFENDANTS would almost always, if not always, result

7  in understating actual compensable work time.

8       28.    Moreover, by charging PLAINTIFF and other Class Members with fees for parking

9  their vehicles at work DEFENDANTS deprived PLAINTIFF and other Class Members of all owed

10  minimum wages for all hours worked. For example, based on information and belief, at times

11  DEFENDANTS deducted fees and/or costs from Class Members' paychecks, thereby depriving

12  Class Members of all owed wages.  For example, DEFENDANTS required PLAINTIFF and other

13  Class Members to park in the South parking lot at LAX. Class Members were/are then charged

14  $10.00 for the use of this parking lot.

15       29.    Based on further information and belief, DEFENDANTS implemented a time-

16  rounding system that as applied systematically deprived PLAINTIFF and other Class Members of

17  compensable time because the time-rounding system implemented by DEFENDANTS would

18  almost always, if not always, result in understating actual compensable work time.  For example,

19  wage statements issued by DEFENDANTS evidence rounding to at least the nearest quarter, half

20  and/or whole hour. For instance, DEFENDANTS' issued wage statement for PLAINTIFF for pay

21  period beginning on 10/17/22 and ending 10/23/22 shows exactly 40.000 regular hours worked;

22  DEFENDANTS' issued wage statement for PLAINTIFF for pay period beginning on 10/24/22 and

23  ending 10/30/22 also shows exactly 40.000 regular hours worked.  Similarly, DEFENDANTS'

24  issued wage statement for pay period beginning on 10/31/22 and ending on 11/6/22 shows exactly

25  40.000 regular hours worked, and DEFENDANTS' issued wage statement for pay period beginning

26  on 11/7/22 and ending on 11/13/22 also shows exactly 40.000 regular hours worked.  Based on

27  information and belief, DEFENDANTS rounded to at least the nearest quarter, half and/or whole

28  hour, PLAINTIFF and other Class Members' total hours worked during most if not all pay periods,

1  resulting in the consistent underpayment of wages owed to PLAINTIFF and other Class Members.

2      30.    DEFENDANTS' failure to pay for all time worked by virtue of its time rounding,

3  auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal

4  periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of

5  minimum wages owed to PLAINTIFF and Class Members as well as unpaid overtime wages for

6  those Class Members who worked more than eight (8) hours in a day and/or more than forty (40)

7  hours in a week.

8      31.    Based on information and belief, DEFENDANTS had actual and/or constructive

9  knowledge that its time rounding policies/practices, auto-deduction policies and practices,

10  commission-based compensation scheme, failure to provide lawful meal periods (as described

11  below) and/or other off-the-clock work resulted in the underpayment of minimum wages owed to

12  PLAINTIFF and other Class Members, in violation of California's minimum and overtime wage

13  laws.

14      32.    Based on information and belief, DEFENDANTS failed and continue to fail to pay

15  Class Members two times their regular rate of pay for time worked beyond twelve (12) hours per

16  workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a

17  work week, in violation of California's overtime laws.

18      33.    Based on information and belief, DEFENDANTS failed to incorporate all non-

19  discretionary remuneration, including but not limited to, shift differential pay, commission pay,

20  bonus/incentive pay, and/or other non-discretionary pay into the regular rate of pay used to calculate

21  the owed overtime rate(s), resulting in the miscalculation and underpayment of overtime wages

22  owed to PLAINTIFF and other Class Members.  For example, PLAINTIFF was often compensated

23  with commissions and/or bonuses (e.g., for completing CLEAR Membership enrollments and/or

24  sales) and/or other non-discretionary pay during periods in which she worked overtime, however,

25  DEFENDANTS failed to incorporate all commissions, bonuses and/or other non-discretionary pay

26  into the regular rate for purposes of calculating the owed overtime rate, resulting in the

27  miscalculation and underpayment of overtime wages owed to PLAINTIFF.

28      34.    **Meal Period Violations**. PLAINTIFF and other Class Members consistently worked

shifts of at least five and one-half hours or more, entitling them to at least one meal period. However, PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first and second meal periods. Based on information and belief, Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all their meal periods due to understaffing, the nature and constraints of their job duties and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely.

35.    Based on information and belief, other Class Members were consistently suffered and permitted to take meal periods past the fifth hour of work and/or had their meal periods interrupted, cut short, restricted to DEFENDANTS' premises and/or otherwise on duty due to commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or the need to meet DEFENDANTS' goals and expectations. For example, based on information and belief, at times, PLAINTIFF's and other Class Members' meal periods were cut short, interrupted and/or worked through completely due to the need to attend to customers/travelers, finish setting up memberships, complete membership enrollments/sales, monitor security lines, provide coverage at the various airline gates, respond to work-related communications and/or complete other work tasks. Other times, PLAINTIFF was forced to take his meal period late (i.e., after working more than five hours) at least several times per week due to understaffing and/or lack of coverage, often having to work at least seven (7) hours before he could take any version of a meal period. PLAINTIFF was not paid meal period premiums for these missed, interrupted, late and/or otherwise legally noncompliant meal periods. Based on information and belief, other Class Members were also regularly required to work through their meal periods, had their meal periods cut short and/or interrupted and/or were forced to take their meal periods late due to the need to attend to customers/travelers, finish setting up memberships, complete membership enrollments/sales, monitor security lines, provide coverage at the various airline gates, respond to work-related communications and/or complete other work tasks.

36.    Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve Class Members of all duties and DEFENDANTS' control during

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  unpaid meal periods.

2      37.    Based on information and belief, DEFENDANTS required Class Members to

3  complete off-the-clock work prior to their scheduled shift time which DEFENDANTS failed to take

4  into account when scheduling meal periods for Class Members. Based on information and belief,

5  meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

6      38.    Based on information and belief, despite DEFENDANTS' failure to provide lawful

7  meal periods, DEFENDANTS implemented a policy and/or practice of rounding the start and end

8  times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at

9  least thirty minutes per shift for missed and/or otherwise unlawful meal periods despite having

10  actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive

11  lawful meal periods.

12      39.    Moreover, per DEFENDANTS' uniform policy and practice, Class Members who

13  worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute

14  second meal period.

15      40.    Based on information and belief, DEFENDANTS failed to instruct PLAINTIFF and

16  other Class Members as to the timing and duty-free nature of meal periods. Based on further

17  information and belief, DEFENDANTS did not have a compliant written meal period policy, nor

18  did DEFENDANTS have any sort of compliant policy in practice.

19      41.    Moreover, based on information and belief, DEFENDANTS failed to keep accurate

20  records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based

21  on information and belief, to the extent meal period were recorded, DEFENDANTS illegally

22  rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class

23  Members not being paid for all time worked as well as late and/or shortened meal periods. *See*

24  *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

25      42.    Based on information and belief, DEFENDANTS had actual and/or constructive

26  knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which

27  were free of DEFENDANTS' control owed to PLAINTIFF and other Class Members, in violation

28  of California's meal period laws.

43.     DEFENDANTS failed to pay PLAINTIFF and other Class Members, an additional hour of wages at their respective regular rates of compensation for each workday a lawful meal period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each workday a lawful meal period was not provided and/or failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses/incentive pay, commissions/piece-rate pay, shift differential pay and/or other non-discretionary compensation into the regular rate or compensation for purposes of calculating the owed meal period premium.

44.     **Rest Period Violations**. DEFENDANTS did not properly authorize and provide PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4) hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the work period, as required by law.

45.     PLAINTIFF and other Class Members were not adequately informed, authorized, instructed about, nor permitted an opportunity to take proper rest periods per California law. Based on information and belief, DEFENDANTS had no policy in place nor instruction as to the taking of duty-free rest periods.

46.     Based on information and belief, DEFENDANTS did not have a have a compliant written rest period policy, nor did DEFENDANTS have any sort of compliant rest period policy in practice. For example, PLAINTIFF typically did not receive any rest periods during his shifts due to understaffing and/or lack of coverage and the need to attend to customers/travelers, finish setting up memberships, complete membership enrollments/sales, monitor security lines, provide coverage at the various airline gates, respond to work-related communications and/or complete other work tasks.

47.     Based on information and belief, Class Members' rest periods were interrupted, cut short, on duty, restricted to work premises and/or late due to understaffing, the nature and constraints of their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest periods completely or otherwise take non-compliant rest periods.

48.     Moreover, DEFENDANTS failed to provide any form of a third rest period on shifts

15

1  lasting longer than ten hours.

2      49.    Based on information and belief, DEFENDANTS implemented policies and/or

3  practices that failed to relieve PLAINTIFF and other Class Members of all duties and

4  DEFENDANTS' control during rest periods.

5      50.    Based on information and belief, Class Members were pressured to complete their

6  work duties according to a designated schedule such that rest periods were only taken once tasks

7  were completed, and/or as time permitted.

8      51.    Furthermore, DEFENDANTS failed to pay a rest period premium for each day in

9  which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of

10  California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a

11  proper rest period was not provided and/or failed to pay the proper rest period premium for failure

12  to incorporate all non-discretionary remuneration, including but not limited to, bonuses/incentive

13  pay,  commissions/piece-rate  pay,  shift  differential  pay,  and/or  other  non-discretionary

14  compensation into the regular rate of compensation for purposes of calculating the owed rest period

15  premium.

16      52.    **Inaccurate Wage Statements**. During the relevant period, DEFENDANTS failed to

17  provide PLAINTIFF and other Class Members with accurate wage statements that complied with

18  Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with

19  meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS

20  issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross

21  wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect

22  during the pay period and the corresponding number of hours worked at each hourly rate by the

23  employee.

24      53.    DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also

25  failed to indicate the earned gross and net wages earned during the pay period, the correct applicable

26  rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members

27  (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class

28  Members of all duties and employer control during unpaid meal periods, payment according to

1  scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies

2  and practices) which results in a violation of Labor Code section 226(a).

3      54.    Based on information and belief, wage statements issued by DEFENDANTS to

4  PLAINTIFF and other Class Members failed to list all applicable hourly rates in effect during the

5  pay period and the corresponding number of hours worked at each hourly rate by the employee, in

6  violation of Labor Code section 226(a)(9). For example, PLAINTIFF received wage statements that

7  listed the amounts of overtime/premium wages earned but did not include a corresponding number

8  of hours for the premium payment.

9      55.    Also, wage statements issued by DEFENDANTS fail to list the inclusive dates of the

10  pay period for which the Class Member is being paid. For example, DEFENDANTS' wage

11  statement for PLAINTIFF dated 4/22/22 lists several separate overtime earnings line items,

12  including but not limited to, multiple "OT Lookback" categories ("OT Lookback Std," "OT

13  Lookback Fam," "OT Lookback Fire," and OT Lookback Ptr) without listing the inclusive dates of

14  the accurate pay period for those "OT Lookback" earnings, further failing to list the total hours

15  worked for the pay period, including but not limited to, the total hours worked for the pay period

16  the OT Lookback earnings correspond with.  As such, DEFENDANTS issued wage statements to

17  Class Members that were inaccurate and did not include all statutorily required information,

18  including but not limited to, the inclusive dates of the pay period for which the employee is being

19  paid, the total hours worked, all applicable hourly rates in effect during the pay period and the

20  corresponding number of hours worked at each hourly rate by the employee.

21      56.    As described herein, based on information and belief, DEFENDANTS also failed to

22  incorporate all forms of non-discretionary compensation earned during the pay period into the

23  overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour

24  of overtime worked by PLAINTIFF and other Class Members.  For example, DEFENDANTS' wage

25  statements for PLAINTIFF provide an inaccurate overtime rate because the wage statements list an

26  overtime rate that is one- and one-half times PLAINTIFF's base rate of pay rather than one- and

27  one-half times PLAINTIFF's regular rate of pay.  As such, DEFENDANTS' issued wage statements

28  fail to display the proper overtime rate(s) for each hour of overtime worked by Class Members.

57. Moreover, based on information and belief, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that further violate Labor Code section 226(a), by among other things, failing to list the correct name and/or address of the legal entity that is the employer.

58. As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that were not accurate and did not include all of the statutorily required information. As such, DEFENDANTS violated Labor Code section 226.

59. **Unreimbursed Business Expenses.** Based on information and belief, DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct consequence of the performance of their job duties without providing reimbursement, in violation of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members were improperly required to provide and maintain work tools that are supposed to be the responsibility of the employer.

60. Based on information and belief, DEFENDANTS shifted the costs of doing business onto Class Members by requiring them to pay for business expenses, including but not limited to, uniforms/work clothing/shoes and/or protective/safety gear, the use of Class Members' personal vehicles, and the use of Class Members' personal mobile phone and data usage for work related purposes to receive and respond to work related messages and/or phone calls. For example, based on information and belief, Class Members received messages and/or phone calls to their personal phones from supervisors and/or other Class Members regarding scheduling and/or other work tasks but were not reimbursed/reimbursed in full by DEFENDANTS for the business use of their personal cell phones/mobile devices.

61. Moreover, PLAINTIFF and other Class Members were required to pay for parking at work without receiving any and/or full reimbursement for the expenses they incurred in connection therewith. For example, DEFENDANTS required PLAINTIFF and other Class Members to park in the South parking lot when working their shifts at LAX. Class Members were then charged $10.00 for the use of this parking lot. DEFENDANTS did not provide reimbursement/full reimbursement to Class Members for these business expenses.

62. Based on further information and belief, DEFENDANTS required Class Members to

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    use their personal vehicles for work, including but not limited to, for driving between and/or around

2    DEFENDANTS' various locations/facilities without reimbursing them for the personal vehicle

3    and/or other travel expenses they incurred in connection therewith, including but not limited to, gas,

4    vehicle wear and tear, and mileage.  As such, DEFENDANTS failed to compensate Class Members

5    at the Internal Revenue Service (IRS) mandated per mile compensation rate for the relevant period.

6         63.    Based on further information and belief, DEFENDANTS failed to provide

7    reimbursement / full reimbursement for expenses Class Members incurred as a result of working for

8    DEFENDANTS remotely and/or from their homes, including but not limited to, cost of internet

9    service, home electricity, cost of additional memory and/or virus software for home computer /

10   home computer use, among other business expenses associated with remote work as required by

11   EMPLOYER.  For example, based on information and belief, at times, DEFENDANTS required

12   Class Members to review policy documents and/or training documents and/or perform other remote

13   work on their computers/devices but did not provide any and/or full reimbursement to Class

14   Members for costs associated with being required to use their personal computers/devices and

15   electricity for DEFENDANTS' business purposes.

16        64.    Based on information and belief, DEFENDANTS required Class Members to pay

17   for the purchase and/or maintenance of uniforms/work clothing and/or work shoes without

18   providing any and/or full reimbursement for these business expenses.  For example, based on

19   information and belief, Class Members were required to purchase shirts, pants, and/or shoes, among

20   other work clothing/gear in a specific color, of a specific type and/or particular brand without

21   receiving any and/or full reimbursement from DEFENDANTS.

22        65.    Based on information and belief, DEFENDANTS regularly failed to reimburse and

23   indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802,

24   PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses

25   associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by

26   DEFENDANTS.

27        66.    DEFENDANTS' failure to provide Class Members with full reimbursement for all

28   reasonable expenses associated with carrying out their duties required that Class Members

1    subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

2        67.    PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS

3 engaged in these same herein described unlawful practices and that DEFENDANTS applied these

4 same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

5 **FIRST CAUSE OF ACTION**

6 **Recovery of Unpaid Minimum Wages and Liquidated Damages**<br>**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

7        68.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

8        69.    It is fundamental that an employer must pay its employees for all time worked.

9 California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages.

10 Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223

11 prohibits the pay of less than a statutory or contractual wage scale. Pursuant to California Labor

12 Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an

13 employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day,

14 at a regular rate no less than the mandated minimum wage. Payment to an employee of less than

15 the applicable minimum wage for all hours worked in a payroll period is unlawful. Payment to an

16 employee of less than the applicable minimum wage for all hours worked in a payroll period is

17 unlawful. Labor Code section 224 only permits deductions from wages when the employer is

18 required or empowered to do so by state or federal law or when the deduction is expressly authorized

19 in writing by the employee for specified purposes that do not have the effect of reducing the agreed

20 upon wage.

21        70.    DEFENDANTS violated the above-described law by failing to compensate

22 PLAINTIFF and the Class Members for all hours worked by virtue of, among other things,

23 DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work

24 completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work,

25 and/or payment according to scheduled hours worked rather than actual hours worked (described

26 above), which resulted in the failure to account for all hours worked and thus the denial of minimum

27 wages.

28        71.    DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and

20
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1 | Class Members for all hours worked.

2 |   72. Based on information and belief, DEFENDANTS had actual or constructive

3 | knowledge that its time-rounding policies and practices, auto-deduction policies and practices for

4 | meal periods, failure to relieve employees of all duties and employer control during unpaid meal

5 | periods, policy and practice of payment according to scheduled work time rather than actual work

6 | time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages

7 | owed to PLAINTIFF and other Class Members.

8 |   73. Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class

9 | Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus

10 | attorney's fees and costs, in an amount to be proved at trial.

11 |        **SECOND CAUSE OF ACTION**
12 | **Recovery of Unpaid Overtime Wages**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

13 |   74. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

14 |   75. Employees in California must be paid overtime, equal to one and one-half times the

15 | employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including

16 | 12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of

17 | work in a workweek, and they must be paid double the regular rate of pay for all hours worked in

18 | excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh

19 | consecutive day of work in a workweek, unless they are exempt.

20 |   76. PLAINTIFF and the Class Members worked overtime hours for which they were not

21 | compensated by DEFENDANTS by virtue of, among other things, DEFENDANTS' time rounding,

22 | automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods,

23 | other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to

24 | scheduled hours worked rather than actual hours worked (described above), which resulted in the

25 | failure to account for all hours worked and thus the denial of all owed overtime wages.

26 |   77. Based on information and belief, DEFENDANTS failed to pay twice Class

27 | Members' regular rate(s) of pay for time worked beyond twelve (12) hours per workday and for

28 | time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

violation of California's overtime laws.

78. Based on information and belief, DEFENDANTS further violated California's overtime wage laws by failing to incorporate all non-discretionary compensation, including but not limited to, non-discretionary bonus compensation, shift differentials, and/or other non-discretionary compensation into the regular rate of pay used to calculate the overtime rate of pay. Failing to include non-discretionary compensation into the regular rate of pay resulted in a miscalculation of the overtime wage rate, resulting in the underpayment of overtime wages owed to PLAINTIFF and other Class Members.

79. DEFENDANTS' conduct described above is in violation of California Labor Code sections 510 and 1194 and all applicable Wage Orders.

80. PLAINTIFF and the Class Members are entitled to recover all unpaid overtime wages, plus attorney's fees and costs, in an amount to be proved.

### THIRD CAUSE OF ACTION
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

81. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

82. Pursuant to Labor Code section 512 and all applicable IWC Wage Orders, DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute meal break free from all duties and employer control for all shifts longer than 5 hours, and a second 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so.

83. Employers must pay employees an additional hour of wages at the employees'

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted

2  meal period, first meal period provided after five (5) hours, second meal period provided after 10

3  hours). Lab. Code § 226.7.

4       84.    As explained above, PLAINTIFF and other Class Members were consistently unable

5  to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being

6  forced to take late meal periods, interrupted meal periods, and/or work through part or all of their

7  meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary

8  from supervisors pressuring them to take non-compliant meal periods or skip meal periods

9  completely.

10       85.    Based on information and belief, DEFENDANTS had and continue to have a policy

11  of rounding the start and end times of employees' meal periods and/or automatically deducting thirty

12  minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class

13  Members did not receive compliant meal periods.

14       86.    Moreover, based on information and belief, Class Members did not receive a timely,

15  uninterrupted second meal period when working shifts over ten (10) hours in a workday.

16       87.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had

17  actual and/or constructive knowledge that its time-rounding and auto-deduction policies and

18  practices, other unlawful policies and practices resulted in the denial of compliant meal periods in

19  violation of California's meal period laws.

20       88.    DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal

21  periods in violation of California law and/or failed to pay the proper meal period premium for failure

22  to incorporate all non-discretionary remuneration including but not limited to, bonuses/incentive

23  pay, commissions/piece-rate pay, shift differential pay and/or other non-discretionary compensation

24  into the regular rate or compensation for purposes of calculating the owed meal period premium.

25       89.    As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members

26  are entitled to one additional hour's pay at the employee's regular rate of compensation for each day

27  a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs,

28  all in an amount to be proved at trial.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

90.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

91.     Labor Code section 226.7 and all applicable IWC Wage Orders require an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012), the California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10 hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029). The rest period requirement obligates employers to permit and authorize employees to take off-duty rest periods, meaning employers must relieve employees of all duties and relinquish control over how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257.

92.     If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide at least one legally required rest period, pursuant to Labor Code section 226.7.

93.     PLAINTIFF and the Class Members did not receive legally compliant, timely 10-minute rest periods for every four (4) hours worked or major fraction thereof. As explained above, any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to DEFENDANTS' control due to the nature and constraints of Class Members' job duties, understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to skip rest periods completely or otherwise take non-compliant rest periods.

94.     Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer control during rest periods. Based on further information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods were only taken once tasks were completed, and/or as time permitted.

95.     As a result, PLAINTIFF and Class Members did not receive legally compliant first, second, or third rest periods as required by California law.

96.     Moreover, based on information and belief, DEFENDANTS failed to pay a rest period premium to PLAINTIFF and other Class Members for each workday in which there was a missed or otherwise unlawful rest period. Based on further information and belief, when a rest premium was paid, DEFENDANTS failed to include non-discretionary compensation including but not limited to, bonuses/incentive pay, commissions/piece-rate pay, shift differential pay, and/or other non-discretionary compensation into the regular rate of compensation for purposes of determining the owed rest period premium.

97.     DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one hour of additional pay at the regular rate of compensation for each workday that a required rest period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at trial.

### FIFTH CAUSE OF ACTION
**Failure to Furnish Accurate Itemized Wage Statements**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

98.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

99.     Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in

1    effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

2    100.    As DEFENDANTS failed to provide PLAINTIFF and other Class Members with

3    meal and rest periods that complied with Labor Code section 226.7, the wage statements

4    DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to

5    correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the

6    total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages

7    earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect

8    during the pay period and the corresponding number of hours worked at each hourly rate by the

9    employee, in violation of Labor Code section 226(a)(9).

10    101.    Moreover, due to violations detailed above, including but not limited to,

11    DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide

12    meal and rest break premiums, and failure to pay all sick leave wages at the proper rates,

13    DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish

14    PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross

15    and net wages earned and the correct applicable rates of pay for all hours worked. Based on

16    information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary

17    compensation earned during the pay period into the regular rate of pay for purposes of calculating

18    the owed overtime rate, and as such, failed to display the proper overtime rate(s) for each hour of

19    overtime worked by PLAINTIFF and other Class Members.

20    102.    As explained above, wage statements issued by DEFENDANTS failed to list the

21    "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries,

22    automatic deduction for meal periods/failure to relieve Class Members of all duties and employer

23    control during unpaid meal periods, payment according to scheduled hours worked rather than actual

24    hours worked, and/or other off-the-clock work policies and practices all described in greater detail

25    *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on

26    a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v.*

27    *Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

28

103. Based on information and belief, wage statements issued by DEFENDANTS to Class Members failed to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

104. Separately, and independent from the above allegations, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that violate Labor Code section 226(a)(8), by failing to list the correct name and/or address of the legal entity that is the employer.

105. Based on information and belief, wage statements issued by DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is being paid.

106. DEFENDANTS' failure to accurately list all hours worked on all wage statements caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class Members over whether they received all wages owed to them.

107. As a result, PLAINTIFF and other Class Members have suffered injury as they could not easily determine whether they received all wages owed to them and whether they were paid for all hours worked.

108. Moreover, as a result of DEFENDANTS' failure to list the correct name and/or address of the legal entity that is the employer, PLAINTIFF and Class Members have suffered injury as they could not contact their employer regarding any question(s) they had about wages paid.

109. DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and Class Members with accurate, itemized wage statements.

110. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and Class Members are required to participate in this lawsuit and create more difficulty and expense from having to reconstruct time

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1 | and pay records than if DEFENDANT had complied with its legal obligations.

2 |     111.   Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members

3 | are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226

4 | violation occurred and one hundred dollars per employee per violation for each subsequent pay

5 | period, not to exceed an aggregate penalty of four thousand dollars per employee.

6 |     112.   Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are

7 | entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with

8 | California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to

9 | provide currently employed Class Members with inaccurate wage statements in violation of

10 | California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy

11 | for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful

12 | conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance

13 | with California Labor Code § 226(a).

14 |     113.   Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class

15 | Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable

16 | attorneys' fees, and costs of suit.

### SIXTH CAUSE OF ACTION
**Failure to Reimburse Business Expenses**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

19 |     114.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

20 |     115.   California law requires employers to indemnify their employees for all necessary

21 | expenditures incurred by the employee in direct consequence of the discharge of their duties or of

22 | their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable

23 | Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary

24 | expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees

25 | incurred by the employee enforcing the rights granted by this section."

26 |     116.   Among other things, under California law, when employees must use their personal

27 | cellphones for work-related purposes, the employer must reimburse them for a reasonable

28 | percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228

Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was required to use their personal cellphone for work-related purposes and not reimbursed for the use. Id. 1144-1145. California law also requires employers to reimburse employees for automobile expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

117.    As described above, PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer.

118.    DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

119.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

120.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

### SEVENTH CAUSE OF ACTION
**Unfair Competition**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

121.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

122.    DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum and overtime wages by virtue of its illegal policies and practices; DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANTS' failure to reimburse business expenses; and DEFENDANTS' failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due

1  to, including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary

2  compensation into the sick pay calculation and failure to base the accrued sick leave on the correct

3  number of hours worked as a result of DEFENDANTS' time-rounding/auto deduction policies and

4  practices, payment according to scheduled hours worked and/or other off-the-clock work policies

5  and practices).

6      123.    Due to DEFENDANTS' unfair and unlawful business practices in violation of the

7  California Labor Code, DEFENDANTS have gained a competitive advantage over other

8  comparable companies doing business in the State of California that comply with their obligations

9  to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums

10  in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate

11  itemized wage statements, to reimburse employees for all business expenses, to pay all owed

12  minimum and overtime.

13     124.    As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF

14  and Class Members have suffered injury in fact and lost money or property, as described in more

15  detail above. Pursuant to California Business and Professions Code section 17200, *et seq.*,

16  PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully

17  belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their

18  unlawful and unfair business practices.

19     125.    PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class

20  Members, enjoining DEFENDANTS and any and all persons acting in concert with them from

21  engaging in each of the unlawful practices and policies set forth herein.

22     126.    PLAINTIFF also seeks an award of attorney's fees pursuant to Code Civ. Proc

23  Section 1021.5 and as permitted by law, and an award for costs reasonably incurred, as permitted

24  by law.

25  ///

26  ///

27  ///

28  ///

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

**PRAYER FOR RELIEF**

2       WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and

3  Class Members as follows:

4       1.  For an order that the action be certified as a class action;

5       2.  For an order that PLAINTIFF be appointed as class representative;

6       3.  For an order that counsel for PLAINTIFF be appointed as class counsel;

7       4.  For compensatory damages according to proof;

8       5.  For liquidated damages according to proof;

9       6.  For penalties according to proof;

10      7.  For an order requiring DEFENDANTS to make restitution of all amounts wrongfully

11          withheld from PLAINTIFF and the Class Members;

12      8.  For an order finding DEFENDANTS have engaged in unfair competition in violation of

13          section 17200, *et seq.*, of the California Business and Professions Code;

14      9.  For an order enjoining DEFENDANTS from further acts of unfair competition;

15      10. For pre-judgment interest as permitted by law;

16      11. For attorney's fees and costs reasonably incurred; and

17      12. For such other and further relief that the Court deems just and proper.

18

19  Dated: February 17, 2023                              **CROSNER LEGAL, PC**

20

21                                          By: _____

22                                              Michael R. Crosner, Esq.
                                                Zachary M. Crosner, Esq.
23                                              Jamie Serb, Esq.
                                                Attorneys for Plaintiff
24

25

26

27

28

**DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims so triable.

Dated: February 17, 2023

                                      **CROSNER LEGAL, PC**

                                      By: _____
                                           Michael R. Crosner, Esq.
                                           Zachary M. Crosner, Esq.
                                           Jamie Serb, Esq.
                                           Attorneys for Plaintiff

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/17/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ G. Carini _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV03573 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | David S. Cunningham III | 11 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record        David W. Slayton, Executive Officer / Clerk of Court

on 02/17/2023 _____                    By G. Carini _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at ***www.lacourt.org*** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢   _____
           (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢   _____
           (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢   _____
           (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢   _____
           (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢   _____
           (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢   _____
           (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢   _____
           (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

[ Print ]   [ Save ]                              [ Clear ]

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐    Request for Informal Discovery Conference
    ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



| Print | Save | Clear |

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                        )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation   )    EXTENDING TIME TO RESPOND BY
Stipulations                            )    30 DAYS WHEN PARTIES AGREE
                                        )    TO EARLY ORGANIZATIONAL
                                        )    MEETING STIPULATION
_____        )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/01/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ T. Lewis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Benny Murray, II | |
| DEFENDANT/RESPONDENT:<br>Alclear, LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV03573 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Filed Case) of 03/01/2023, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Michael R. Crosner
Crosner Legal, PC
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/1/2023                    By: _T. Lewis_____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 11

**23STCV03573**                                                  March 1, 2023
**BENNY MURRAY, II vs ALCLEAR, LLC**                             2:55 PM

Judge: Honorable David S. Cunningham III        CSR: None
Judicial Assistant: T. Lewis                    ERM: None
Courtroom Assistant: C. Concepcion              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Filed Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 04/26/23 at 10:30 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 11

**23STCV03573**                                          March 1, 2023
**BENNY MURRAY, II vs ALCLEAR, LLC**                      2:55 PM

Judge: Honorable David S. Cunningham III      CSR: None
Judicial Assistant: T. Lewis                  ERM: None
Courtroom Assistant: C. Concepcion            Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 11

**23STCV03573**
                                              March 1, 2023
**BENNY MURRAY, II vs ALCLEAR, LLC**
                                                    2:55 PM

Judge: Honorable David S. Cunningham III      CSR: None
Judicial Assistant: T. Lewis                   ERM: None
Courtroom Assistant: C. Concepcion         Deputy Sheriff: None

---

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

---

FILED
Superior Court of California
County of Los Angeles

MAR 0 1 2023

David W. Slayton, Executive Officer/Clerk of Court
By: T. Lewis, Deputy

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Benny Murray II<br><br>                     Plaintiff,<br><br>    v.<br><br>Alclear, LLC<br><br>                   Defendant | Case No. 23STCV03573<br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge David S. Cunningham III<br><br>Department: SS11<br>Date: April 26, 2023<br>Time: 10:30 a.m. |

This case has been assigned for all purposes to Judge David S. Cunningham III in the Complex Litigation Program. An Initial Status Conference is set for April 26, 2023 at 10:30 a.m. in Department SS11 located in the Spring Street Superior Courthouse at 312 N. Spring Street, Los Angeles, California 90012. Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each

of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

2

8. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. **DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the

3

merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires

---

[1] See California Rule of Court, Rule 3.768.

4

court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a

---

[2] California Rule of Court, Rule 3.770(a)

5

copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

　　　　If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Department SS11 and request an earlier date for the Initial Status Conference.

Dated:

　　　MAR 0 1 2023

DAVID S. CUNNINGHAM III
Judge of the Los Angeles Superior Court

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

    Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

  a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

  b) The table of contents for any filing must be bookmarked.

  c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

  d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)   Depositions;

    ii)  Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii)  Supporting Briefs.

  e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

  f) Accompanying Documents

    Each document accompanying a single pleading must be electronically filed as a **separate** digital PDF document.

  g) Multiple Documents

    Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.  (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i) Any printed document required pursuant to a Standing or General Order;

      ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii) Pleadings and motions that include points and authorities;

      iv) Demurrers;

      v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi) Motions for Summary Judgment/Adjudication; and

      vii) Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

    For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

    This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL



## Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

> **Mediation may be appropriate when the parties**
> - want to work out a solution but need help from a neutral person.
> - have communication problems or strong emotions that interfere with resolution.
>
> **Mediation may not be appropriate when the parties**
> - want a public trial and want a judge or jury to decide the outcome.
> - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs**
        https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

        Day of trial mediation programs have been paused until further notice.

        **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT B

Eric J. Gitig (SBN 307547)
Orlando J. Arellano (SBN 234074)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Eric.Gitig@jacksonlewis.com
Orlando.Arellano@jacksonlewis.com

Attorneys for Defendant
ALCLEAR, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/19/2023 6:38 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Valenzuela, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA COURT

## COUNTY OF LOS ANGELES

| | |
|---|---|
| BENNY MURRAY II, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ALCLEAR, LLC, Delaware limited liability company; and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | Case No.: 23STCV03573<br><br>(CLASS ACTION)<br><br>*[Assigned for all purposes to the Honorable David Cunningham III]*<br><br>**DEFENDANT ALCLEAR, LLC'S ANSWER TO PLAINTIFF BENNY MURRARY II'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:  February 17, 2023 |

**TO THE HONORABLE COURT, PLAINTIFF BENNY MURRAY II, AND PLAINTIFF'S ATTORNEYS OF RECORD:**  Defendant ALCLEAR, LLC ("Defendant") on behalf of itself and for no other defendant, hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff BENNY MURRAY II ("Plaintiff") as follows:

## GENERAL DENIAL

Under the provisions of Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint.  Defendant further denies, generally and specifically, that Plaintiff and/or any member of the class he purports to represent (collectively, "putative class members") have suffered any injury or been damaged in any sum whatsoever by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees.

## **AFFIRMATIVE DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend or supplement any affirmative defense contained herein at any time.  Without conceding that they bear the burden of proof or persuasion as to any one of these, Defendant alleges the following defenses to the Complaint:

## **FIRST AFFIRMATIVE DEFENSE**

## **(Failure to State a Claim)**

1.      The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

## **(Statute of Limitations)**

2.      The Complaint is barred, in whole or in part, by the applicable statute of limitations including, but not limited to California Code of Civil Procedure sections 337, 338, 339, 340, and 343, California Labor Code section 203(b), and California Business and Professions Code section 17208.

## **THIRD AFFIRMATIVE DEFENSE**

## **(Waiver and Release)**

3.      Some or all of Plaintiff's claims are barred, in whole or in part, to the extent such claims have been waived, discharged, or released.

## **FOURTH AFFIRMATIVE DEFENSE**

## **(Equitable Defenses)**

4.      The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands.

## **FIFTH AFFIRMATIVE DEFENSE**

## **(Avoidable Consequences Doctrine)**

5.      The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendant had procedures in place for reporting work-related issues, including, but not limited to, issues

DEFENDANT ALCLEAR, LLC'S ANSWER TO PLAINTIFF BENNY MURRARY II'S UNVERIFIED COMPLAINT

related to timekeeping, meal periods, and rest periods. Plaintiff and putative class members unreasonably failed to utilize Defendant's preventive and corrective measures, and reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff and putative class members allegedly suffered. *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

## SIXTH AFFIRMATIVE DEFENSE

### (All Due Compensation Paid)

6.      The Complaint is barred, in whole or in part, because Plaintiff and putative class members have been paid all income, compensation and pay to which they have ever been entitled to under the California Labor Code and the applicable orders of the Industrial Welfare Commission.

## SEVENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

7.      The Complaint is barred, in whole or in part, to the extent Plaintiff and putative class members entered into an accord and satisfaction of any claim asserted in this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

8.      The Complaint is barred, in whole or in part, because Plaintiff failed to timely and completely exhaust the requisite administrative remedies under the California Labor Code.

## NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

9.      Plaintiff and putative class members are not entitled to any equitable or injunctive relief as claimed or prayed for in the Complaint because Plaintiff and putative class members have not suffered any irreparable injury based on any alleged conduct of Defendant, and Plaintiff and putative class members have an adequate remedy at law for any such conduct.

## TENTH AFFIRMATIVE DEFENSE

### (Set-Off for Unearned Compensation)

10.      Without admitting the allegations of the Complaint, but rather expressly denying them, Defendant is entitled to a set-off for amounts Plaintiff and putative class members owe Defendant for

receipt of any wages and other benefits to which they were not entitled and/or did not earn.  *See Witt v. Jackson* (1961) 57 Cal.2d 57.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Reasonable Directions)

11.    Defendant is informed and believes, and thereon allege, that any recovery on the Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 to the extent Plaintiff and putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

12.    The Complaint is barred, in whole or in part, because Defendant did not have knowledge of any alleged violations of the Labor Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

13.    The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff and some, or all, of the putative class members Plaintiff seeks to represent lack standing to bring this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Waiver of Meal and Rest Periods)

14.    The Complaint is barred, in whole or in part, because Plaintiff and putative class members voluntarily chose not to take provided meal and rest periods as reasonably expected by Defendant, and/or voluntarily waived the same.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Injury)

15.    Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because, even assuming *arguendo* that Plaintiff and/or putative class members were not provided with a proper itemized statement of wages and deductions, they suffered no injury

based on Defendant's alleged failure to provide itemized wage statements.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Knowing and Intentional Failure)

16.    Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because, even assuming *arguendo* that Plaintiff and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and putative class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Willful Conduct / Good Faith Dispute)

17.    Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because any violation of the California Labor Code was an act or omission made in good faith, was not willful, and Defendant had reasonable grounds for believing that the act or omission was not a violation of the law.  As such, good faith disputes exist concerning any of Defendant's alleged violations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Expenses not Reasonably Incurred)

18.    The Complaint is barred, in whole or in part, because, assuming *arguendo* that any alleged expenses were incurred by Plaintiff or putative class members during their employment with Defendant, such expenses were not necessary or reasonably incurred by Plaintiff and putative class members in the course and scope of employment with Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines Unconstitutional)

19.    Although Defendant denies that it has committed or have responsibility for any act that could support the recovery against Defendant in this lawsuit, such recovery is barred if any, to the extent any such act is found, because such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and California Constitution, including the Excessive Fines Clause of the Eighth

Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Jury Trial)

20.    Defendant asserts that Plaintiff and putative class members are not entitled to a jury trial in connection with their claims under the California Business and Professions Code section 17200, *et seq*., and instead must adjudicate their claims by way of a bench trial.  *See Nationwide Biweekly Administration, Inc. v. Superior Court* (2020) 9 Cal. 5th 279; *Hodge v. Sup. Ct.* (2006) 145 Cal. App. 4th 278.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

21.    The Complaint is barred, in whole or in part, because Plaintiff and putative class members are bound by their voluntary and written agreements to arbitrate the claims asserted in the Complaint on an individual basis.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Right to Attorney's Fees)

22.    The Complaint is barred, in whole or in part, because Plaintiff fails to state a cause or causes of action for attorneys' fees against Defendant on any basis.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Right to Recover Attorney's Fees and Costs)

23.    Defendant has engaged attorneys' fees to represent its defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5 and/or the California Labor Code upon judgement in their favor.

## RESERVATION OF RIGHTS

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within actions.  The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time. Accordingly, the right to assert additional

defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by the Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant and against Plaintiff;

3.    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.    That Defendant be awarded for cost of suits incurred herein, including reasonable attorneys' fees; and

5.    That Defendant be awarded such other and further relief as the Court deems just and proper.


Dated:  April 19, 2023                     JACKSON LEWIS P.C.

                                           By:  _____
                                                Eric J. Gitig
                                                Orlando Arellano

                                                Attorneys for Defendant
                                                ALCLEAR, LLC

DEFENDANT ALCLEAR, LLC'S ANSWER TO PLAINTIFF BENNY MURRARY II'S UNVERIFIED COMPLAINT

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

**CASE NAME:**      **Benny Murray II, et al. v. Alclear, LLC**

4

**CASE NUMBER:**    **23STCV03573**

5

6

I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

7

8

On **April 19, 2023**, I served the foregoing document described as: **DEFENDANT ALCLEAR, LLC'S ANSWER TO PLAINTIFF BENNY MURRARY II'S UNVERIFIED COMPLAINT** in this action by placing ☐ the original ☒ true copy thereof enclosed in a sealed envelope addressed as follows:

9

10

Michael R. Crosner
Zachary M. Crosner
Jamie Serb

11

CROSNER LEGAL, PC
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210

12

Tel: 310-496-5818
Fax: 310-510-6429

13

mike@crosnerlegal.com

14

zach@crosnerlegal.com
jamie@crosnerlegal.com

15

Attorney for Plaintiff,
BENNY MURRAY II, as an individual on behalf

16

of himself and on behalf of all others similarly situated

17

**[X]**    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing

18

correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

19

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

**[X]**    **STATE:** I declare under penalty of perjury under the laws of the State of California that the

21

above is true and correct.

22

Executed on **April 19, 2023** at Los Angeles, California.

23

24

_____
Vivian A. Castillo

25

26

27

28

4863-9488-2396, v. 1

DEFENDANT ALCLEAR, LLC'S ANSWER TO PLAINTIFF BENNY MURRARY II'S UNVERIFIED COMPLAINT

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Spring Street Courthouse<br>**Mailing Address:** 312 North Spring Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |
| **SHORT TITLE:** BENNY MURRAY, II vs ALCLEAR, LLC<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>23STCV03573 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 7440210_2023_04_19_18_34_18_257_9
Submission Number: 23LA00576537
Court Received Date: 04/19/2023
Court Received Time: 6:38 pm
Case Number: 23STCV03573
Case Title: BENNY MURRAY, II vs ALCLEAR, LLC
Location: Spring Street Courthouse
Case Type: Civil Unlimited
Case Category: Other Employment Complaint Case
Jurisdictional Amount: Over $25,000
Notice Generated Date: 04/20/2023
Notice Generated Time: 9:59 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

---

Superior Court of California
County of Los Angeles
,

**Receipt No:** EFM-2023-6247130.1

**Date:**  4/20/23 9:59 AM
**Time:**  4/20/23 9:59 AM

CASE # 23STCV03573
BENNY MURRAY, II vs ALCLEAR, LLC

| | |
|---|---|
| Unlimited Civil- Ans.non-Plaintiff incl. UD- GC70612,70602.5,70602.6 | 435.00 |
| Complex Civil (each Defendant up to 18k)-Response - GC 70616(b) | 1,000.00 |
| Court Transaction Fee | 2.25 |
| **Case Total:** | 1,437.25 |

**Total Paid:**   1,437.25

23LA00576537